**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

ALLEN FREEMAN :
                                                  :
                          Plaintiff     :
                                                  :
v.                                                :
                                                  :      Civil Action No. 2:26-cv-5020
                                                  :
ARAMARK CAMPUS, LLC           :
                          Defendant  :

_____

## COMPLAINT

Plaintiff, Allen Freeman, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby allege that Defendant, Aramark Campus, LLC, violated Plaintiff's civil rights by having terminated him for religious practices.  Plaintiff alleges and avers in support thereof:

### I.      PARTIES

1.      Plaintiff, Allen Freeman, is an adult individual that practice Islam and/or is Muslim and at all times relevant was employed by Defendant, Aramark Campus, LLC, and resided at the following address: 257 Wembly Road, Upper Darby, PA 19082.

2.      Defendant, Aramark Campus, LLC, ("Defendant") is an entity and/or organization duly existing under the laws of the Commonwealth of Pennsylvania and having principal places of business at 2400 Market Street, Philadelphia, PA 19103.  Defendant was Plaintiff's employer.

3. Defendant agreed, accepted, adopted, and/or acquiesced to the actions, omissions, and conduct of its officers, owners, managers, supervisors, employees, and agents, including Kevin.

## II. JURISDICTION AND VENUE

4. Jurisdiction is appropriate under Federal Question jurisdiction, 28 U.S.C. § 1331, and the Court has supplemental jurisdiction, 28 U.S.C. § 1367, over Plaintiff's state law claims.

5. Venue is appropriate before this Court as all actions occurred in Bradford County, which is in the geographic jurisdiction of the Eastern District.

6. Plaintiff's claims for employment discrimination were administratively exhausted as Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission and more than a year has transpired since the original filing.

## III. MATERIAL FACTS

7. Plaintiff, Allen Freeman, is a Muslim and practices Islam, which requires that he pray several times a day.

8. Plaintiff began work for Ovations Foods Services, LP ("Ovations"), as a full-time Warehouse Associate working at Subaru Park earning $16.00 an hour.

9. Plaintiff informed his supervisor soon after his hire on April 6, 2025 that Plaintiff practices Islam and needs to pray throughout his shift.

2

10. There were no problems and Plaintiff was granted brief leaves to pray throughout his shift(s).

11. On or about June 16, 2025 Defendant purchased, acquired, outbid, or otherwise replaced Ovations and became Plaintiff's employer.

12. Nothing significant changed with regard to Plaintiff's employment; however, Plaintiff's new supervisor became Kevin Carney (non-Muslim).

13. On July 5, 2025, during work, Kevin Carney observed Plaintiff praying and told Plaintiff that was against company policy, and Plaintiff could not "do that" on company property.

14. Plaintiff explained to Mr. Carney the working arrangement under Ovations, but Mr. Carney confirmed that would not happen with Defendant.

15. Ten (10) days later, Defendant fired Plaintiff for Plaintiff having allegedly failed a background check.

16. Plaintiff at all times was forthcoming to having a criminal history.

17. Plaintiff's background check and criminal history did not preclude him from working for/with Ovations.

18. Moreover, Plaintiff alleges that in June he was informed that he had passed the background check.

19. Plaintiff maintains that his termination was pretext to the underlying religious discrimination and/or retaliation for protected activity.

3

20.   Plaintiff alleges and avers he was replaced by a non-Muslim person.

**COUNT ONE**
**Religion Discrimination and Disparate Treatment**
*Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2*
**Plaintiff v. Defendant**

21.   Plaintiff incorporates the foregoing as if set forth at length herein.

22.   Defendant is an employer under 42 U.S.C. § 2000 *et. seq.* as it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

23.   Plaintiff is a person and thus is protected under 42 U.S.C. §2000 *et. seq.* and has a protected class in his religion.

24.   Under 42 U.S.C. § 2000e-2 it shall be an unlawful employment practice for an employer – to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

25.   Defendant discriminated against and disparately treated Plaintiff in relation to similarly situated employees outside his protected classes.

26.   Defendant refused Plaintiff a religious accommodation for praying.

27.   Defendant terminated Plaintiff as pretext to religious discrimination.

28.   Defendant treats similarly situated employees outside Plaintiff's

protected class and religious affiliation more favorably.

29.    On information and belief, Defendant replaced Plaintiff with persons outside Plaintiff's protected classes.

30.    As a direct and proximate result of Defendant's disparate treatment and discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expense, emotional damages, pain and suffering, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

31.    Defendant's actions were willful and wanton and thus require Punitive Damages.

32.    Alternatively, as Defendant's foregoing conduct was motivated, in part, by discrimination on the basis of gender and/or religion, Plaintiff is entitled to a charge for mixed-motive discrimination and thus the imposition of attorney's fees.

WHEREFORE, Plaintiff, Allen Freeman, hereby demands judgment in his favor and against Defendant, Aramark Campus, LLC, for any and all damages and relief deemed necessary and just by the Court.

## COUNT TWO
### Retaliation
### *Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2*
### **Plaintiff v. Defendant**

33.     Plaintiff incorporates the foregoing as if set forth at length herein.

34.     Under Title VII it shall be a violation to retaliate against any person who has engaged in protected activity.

35.     Plaintiff engaged in protected activity when he requested, sought, and/or exercised his religious accommodation for prayer.

36.     Defendant would not have undue hardship in complying with the accommodation.

37.     Defendant took adverse actions against Plaintiff, which was/were contemporaneous or after Plaintiff's protected activity, in having terminated him.

38.     The temporal proximity between Plaintiff's protected activity and the adverse employment actions give rise to an inference of retaliation.

39.     Defendant fabricated a reason to terminate Plaintiff by changing job responsibilities, fabricating reasons for termination, and/or taking other unreasonable action.

40.     There is also evidence of antagonism and animus towards Plaintiff in refusing the accommodation and the supervisors comments about the accommodation.

41.     Defendant's reasons for having terminated Plaintiff are pretext to the

underlying retaliation.

42.    As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

43.    Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Allen Freeman, hereby demands judgment in his favor and against Defendant, Aramark Campus, LLC, for any and all damages and relief deemed necessary and just by the Court.

## COUNT FOUR
### Harassment, Discrimination, and Retaliation
### *Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951-963*
### <u>Plaintiff v. Defendant</u>

44.    Plaintiff incorporates the foregoing as if set forth at length herein.

45.    Defendant is an employer under 43 P.S. §951 *et. seq.* as it employs the requisite number of individuals (four) within the Commonwealth of Pennsylvania to be subject to the Pennsylvania Human Relations Act ("PHRA").

46.    Plaintiff is an employee as he is employed by an employer.

7

47. Plaintiff has a protected classes in his religion.

48. Defendant discriminated against and disparately treated Plaintiff on the basis of his religion, as alleged *Supra.*

49. Defendant retaliated against Plaintiff for protected activity, as alleged *Supra*.

50. As a direct and proximate result of Defendant's discrimination, and retaliation, Plaintiff has loss of wages, loss of back pay, loss of front pay, out of pocket expenses, pain, suffering, mental anguish, loss of reputation, and other damages.

51. Plaintiff seeks attorney's fees and costs.

52. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed motive theory of liability.

WHEREFORE, Plaintiff, Allen Freeman, hereby demands judgment in his favor and against Defendant, Aramark Campus, LLC, for any and all damages and relief deemed necessary and just by the Court.

Respectfully Submitted,

DEREK SMITH LAW GROUP, PLLC

*/s/ Christopher J. DelGaizo, Esquire*
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

*Attorney I.D. No. 200594*
1628 Pine Street
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: July 20, 2026

9